IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00905-GPG

JAMES ANDERSON,

    Applicant,

v.

MILLER, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, James Anderson, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Anderson has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). The court must construe the application liberally because Mr. Anderson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. Anderson indicates in the application that he is challenging the validity of his conviction in Denver District Court case number 06CR1631. However, the application is deficient because Mr. Anderson fails to provide a clear statement of the claims he is asserting and he fails to allege specific facts in support of his claims that demonstrate his federal constitutional rights have been violated. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the

litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Mr. Anderson will be ordered to file an amended application if he wishes to pursue his claims in this action.

Mr. Anderson is advised that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Anderson must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Anderson file an amended application that provides a clear statement of the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Anderson shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form

(with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Anderson fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED April 30, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge