**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez**

Civil Action No. 15-cv-00905-WJM

JAMES ANDERSON,

    Applicant,

v.

MILLER, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER TO DISMISS IN PART**

---

Applicant, James Anderson, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Anderson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On June 5, 2015, Mr. Anderson filed an amended pleading (ECF No. 6) and on July 2, 2015, he filed a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8) (the "Second Amended Application"). Mr. Anderson is challenging the validity of his conviction and sentence in Denver District Court case number 06CR1631.

On July 6, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On July 27, 2015, Respondents filed their Pre-Answer Response (ECF

No. 13) arguing that, with one exception, all of Mr. Anderson's claims are unexhausted, procedurally defaulted, or fail to state a cognizable habeas corpus claim.  Mr. Anderson has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so, although he has filed an out-of-time motion (ECF No. 18) seeking an extension of time to file a reply.  The motion for an extension of time will be denied.  Instead, Mr. Anderson will be given an opportunity to file a reply to the answer Respondents will be directed to file regarding the merits of his cognizable habeas corpus claims.  Mr. Anderson may include in that reply any relevant arguments he wishes to raise.

The Court must construe the Second Amended Application liberally because Mr. Anderson liberally is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The Colorado Court of Appeals on direct appeal described the relevant factual background for Mr. Anderson's convictions as follows:

> Defendant approached the victim, M.M., as she was leaving a Lakewood pawn shop late one afternoon. Defendant asked for her name, but M.M. rejected this overture.  Defendant then grabbed M.M., placed her in a chokehold, and dragged her to a nearby car.  Defendant drove until it began to get dark, at which point he stopped the car and led M.M. to another car that was parked outside a Denver auto shop.  Defendant forced M.M. into the backseat of the second car and told her to take her clothes off.  He then raped M.M. throughout the night.

> For these actions, defendant was charged with sexual assault and second degree kidnapping. He defended on the theory that he did not kidnap M.M. or assault her in the car. Rather, he asserted that he met M.M. in Denver and had consensual sex with her. A jury rejected this theory and convicted defendant as charged. The trial court sentenced him to an indeterminate term of twelve years to life for the sexual assault, and a consecutive twenty-four year prison term for the kidnapping.

*People v. Anderson*, No. 08CA0453, slip op. at 1-2 (Colo. App. Jan. 13, 2011) (unpublished) (ECF No. 13-12 at 3-4). The judgment of conviction was affirmed on direct appeal. *See id.* On May 9, 2011, the Colorado Supreme Court denied Mr. Anderson's petition for writ of certiorari on direct appeal. (*See* ECF No. 13-10.)

On August 8, 2011, Mr. Anderson filed in the trial court a postconviction motion to reconsider his sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 13-1 at 10.) On August 15, 2011, the trial court denied the Rule 35(b) motion. (*See id.* at 9-10.)

On March 5, 2012, Mr. Anderson filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See id.* at 8.) On August 28, 2012, the trial court denied the Rule 35(c) motion. (*See id.*) The trial court's order was affirmed on appeal. *See People v. Anderson*, No. 12CA2117 (Colo. App. Aug. 7, 2014) (unpublished) (ECF No. 13-4). On March 2, 2015, the Colorado Supreme Court denied Mr. Anderson's petition for writ of certiorari in the Rule 35(c) proceedings. (*See* ECF No. 13-2.)

The instant action was commenced on April 28, 2015. Mr. Anderson claims in the Second Amended Application that he was denied due process because exculpatory evidence was destroyed after the defense filed a motion to preserve the evidence

3

(claim one); he was denied the effective assistance of counsel because counsel labored under a conflict of interest (claim two); he was denied due process and the Fourth Amendment was violated when he was stopped and arrested without probable cause (claim three); his rights to counsel and due process were violated when he was removed from the courtroom during jury selection (claim four); and his rights to counsel and due process were violated when officers prevented him from accessing his legal files during state court postconviction proceedings (claim five).

The Court notes initially that claim five may not be raised in this habeas corpus action because the claim challenges the conditions of his confinement rather than the validity of his conviction or sentence. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.* Mr. Anderson concedes that he has filed a civil action in state court regarding his claim that officers prevented him from accessing his legal files during state court postconviction proceedings. Claim five will be dismissed without prejudice to pursuing that claim in the state court proceedings.

Furthermore, to the extent claim five could be construed as challenging the adequacy of the state court postconviction proceedings, the claim still must be dismissed because there is no federal constitutional right to postconviction review in the

state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents concede that claim two is exhausted. However, Respondents contend that claim one is either unexhausted or procedurally defaulted and that claims three and four are procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

**A. Claim One**

Claim one is a destruction of evidence claim. The evidence Mr. Anderson contends was destroyed is the car in which the victim was sexually assaulted. He specifically alleges in support of claim one that the car was crushed after the defense filed a motion to preserve the evidence. Respondents concede that Mr. Anderson raised a similar claim on direct appeal when he argued that the state violated his constitutional right to due process by destroying the car in which the sexual assault occurred. However, Respondents argue that Mr. Anderson did not allege in support of the destruction of evidence claim on direct appeal that the car was crushed or that the destruction of the car occurred after a defense motion to preserve the evidence was filed. Therefore, according to Respondents, claim one in the Second Amended Application is not the same claim raised on direct appeal and is not exhausted. Respondents alternatively argue that, even if the Court construes claim one in the Second Amended Application as the same destruction of evidence claim that was raised on direct appeal, the claim is not exhausted because Mr. Anderson failed to raise the claim in his petition for writ of certiorari to the Colorado Supreme Court.

The Court construes claim one in the Second Amended Application liberally as asserting the same destruction of evidence claim that was raised on direct appeal as a federal constitutional claim. While this construction moots the first portion of Respondents' exhaustion argument, the Court still must address the argument that the destruction of evidence claim was not fairly presented to the state courts because Mr. Anderson did not raise the claim in his petition for writ of certiorari.

Respondents are correct that, in order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As discussed above, Respondents concede that Mr. Anderson fairly presented the destruction of evidence claim to the Colorado Court of Appeals and it is clear that the Colorado Court of Appeals denied relief on that claim.

The Court is not persuaded by Respondents' argument that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that claim one is exhausted.

### B. Claims Three and Four

Mr. Anderson asserts in claim three that he was denied due process and the Fourth Amendment was violated when he was stopped and arrested without probable cause and he asserts in claim four that his rights to counsel and due process were violated when he was removed from the courtroom during jury selection. Respondents concede that the Fourth Amendment component of claim three and the due process component of claim four were raised on appeal in the state court postconviction proceedings. However, Respondents argue that the Fourth Amendment component of claim three and the due process component of claim four were not fairly presented to the state appellate courts and are not exhausted because the Colorado Court of Appeals declined to address those claims as a matter of state law. With respect to the due process component of claim three and the right to counsel component of claim four, Respondents contend those claims are not exhausted because Mr. Anderson did not raise them either on direct appeal or on appeal in the postconviction proceedings.

The Court has reviewed Mr. Anderson's state court appellate briefs and finds that he did not fairly present to the state courts any part of either claim three or claim four. As Respondents concede, he did raise the Fourth Amendment component of claim three and the due process component of claim four on appeal from the denial of his Rule 35(c) motion. However, the Colorado Court of Appeals determined Mr. Anderson's "claims regarding an illegal arrest and his removal from the courtroom" were barred by Rule 35(c)(3)(VII) because those claims "could have been presented in his direct appeal." (ECF No. 13-4 at 19.)

## IV.  PROCEDURAL DEFAULT

Although Mr. Anderson fails to demonstrate claims three and four were fairly presented to the state courts, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Anderson no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Furthermore, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th

Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.* Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

Respondents contend, and the Court agrees, that Mr. Anderson no longer has an adequate and effective state remedy available to him. The Colorado Court of Appeals specifically determined that the Fourth Amendment component of claim three and the due process component of claim four are barred by Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure. That rule provides, with limited exceptions not applicable to Mr. Anderson, that the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding. The same rule also prevents Mr. Anderson from raising the due process component of claim three and the right to counsel component of claim four, or any other unexhausted claim, in another postconviction motion. Furthermore, any attempt by Mr. Anderson to file another postconviction Rule 35(c) motion in state court would be untimely. *See* Colo. Rev. Stat. § 16-5-402 (providing that a defendant convicted of felony other than a class 1 felony has three years to seek relief under Rule 35(c) unless he establishes good cause).

The Court notes that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding). Colorado's statute of limitations for collateral attacks also is an

independent and adequate state procedural ground.  *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995).

Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless Mr. Anderson demonstrates either cause and prejudice or a fundamental miscarriage of justice.  Mr. Anderson's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Anderson must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Anderson can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.

As noted above, Mr. Anderson has not filed a reply that addresses Respondents' arguments in the Pre-Answer Response.  However, Mr. Anderson did assert on appeal from the denial of his Rule 35(c) motion that counsel on direct appeal was ineffective by failing to assert claims regarding his allegedly illegal arrest and removal from the courtroom.  (*See* ECF No. 13-8 at 9-25.)  Therefore, Mr. Anderson may be able to demonstrate cause to excuse his procedural default of claims three and four.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  The Court will defer consideration

of whether Mr. Anderson can establish prejudice with respect to claims three and four, and whether those claims are procedurally barred, until the parties brief the merits of those claims.

## V.  CONCLUSION

In summary, claim five will be dismissed without prejudice because that claim is not cognizable in a habeas corpus action.  Respondents concede that claim two is exhausted and the Court finds that claim one also is exhausted.  Although the Court agrees that claims three and four are not exhausted, the Court defers consideration of whether claims three and four are procedurally barred until the parties brief the merits of those claims.  Accordingly, it is

ORDERED that claim five in the Second Amended Application is dismissed without prejudice because claim five does not present a cognizable habeas corpus claim.  It is

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims.  It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

Dated this 23rd day of September, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge